UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20824-CR-LENARD

UNITED STATES OF AMERICA

v.

SALOMON MALOOF,

    Defendant.
_____/

## FACTUAL PROFFER

Defendant Salomon Maloof (hereinafter referred to as the "defendant"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts, which occurred in Broward and Miami-Dade Counties, in the Southern District of Florida, beyond a reasonable doubt, and that the following facts are true and accurate and are sufficient to support a plea of guilty:

1.    In or around August 2012, the Internal Revenue Service (IRS) commenced an investigation into the money laundering activities of various individuals operating in Colombia and the United States. These individuals utilize the Black Market Pesos Exchange (BMPE) to facilitate the movement of illicit drug proceeds through Miami based corporations and individual bank accounts. The BMPE is a large scale, revolving currency exchange system used extensively by Colombian drug cartels to lauder the proceeds of United States narcotics sales. In essence, pesos brokers in Colombia sell the United States dollars that form the proceeds of drug sales to Colombian businessmen in Colombia who pay for the dollars in pesos. Money couriers in the United States deliver the dollars to others who then deposit the money into bank accounts located

1

in the United States. The pesos broker then instructs the recipient of the funds to wire transfer the monies into bank accounts as per instructions provided by the Colombian businessmen. Typically, the pesos brokers and the money couriers get paid for their roles in the money laundering scheme.

2. In the summer of 2013, a confidential informant working with the IRS in New York learned that drug traffickers or their brokers in Colombia had approximately $100,000 in U.S. currency in South Florida that they needed to launder. The IRS in Miami agreed to assist its New York counterparts with their investigation. On July 2, 2013, an undercover officer in Miami (UC) spoke to a female later identified as co-defendant Carlina Narvaez about the money delivery. During the call, Narvaez agreed to deliver the money to UC in the parking lot of a restaurant located in Pembroke Pines, Florida. During the meeting later that day, Narvaez showed UC approximately $99,120 in U.S. currency that was located inside a large bag. Narvaez then gave UC the money and the bag. A trained narcotics canine later sniffed the outside of the bag and gave a positive alert for the odor of a controlled substance. Shortly after the money delivery, Narvaez and UC left the meet location.

3. On July 3, 2013, Narvaez met with the defendant in the defendant's vehicle located in the parking lot of a mall in Miami-Dade County. During the meeting, Narvaez gave the defendant approximately $50,000 in U.S. currency. Shortly after Narvaez exited the defendant's vehicle, law enforcement approached the defendant and asked if there was anything illegal in the vehicle. The defendant admitted that there was $50,000 in the vehicle that he received from the Hispanic female. He then gave written consent for the police to search his vehicle. During the search, agents seized a white plastic bag containing approximately $50,000

in U.S. currency located on the rear seat. A trained narcotic canine later sniffed the outside of the bag and alerted to the presence of the odor of a controlled substance. When the defendant received the money from Narvaez, he knew that the money were proceeds of some kind of specified unlawful activity; namely, drug trafficking. The defendant received the money knowing that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

4. Also on July 3, 2013, agents spoke to Narvaez who agreed to cooperate and answer questions without an attorney present. During questioning, Narvaez admitted that she delivered $50,000 to Maloof for narcotics traffickers in Colombia. She stated that she had an additional $125,000 at her residence that was also proceeds from drug traffickers. Agents responded to her residence and seized an additional $321,658 in U.S. currency.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 11/14/17        By: _____
                           MARK DISPOTO
                           ASSISTANT UNITED STATES ATTORNEY

Date: 11/14/17        By: _____
                           SABINO JAUREGUI
                           ATTORNEY FOR DEFENDANT

Date: 11/14/17        By: _____
                           SALOMON MALOOF
                           DEFENDANT

3